# Hightstown Smyrna Rug Co. *v.* American Railway Express Co., Appellant.

*Carriers—Loss of goods—Evidence—Sufficiency.*

In an action to recover damages for loss in transit of a shipment of rugs, a judgment in favor of the plaintiff will be affirmed, where the evidence is sufficient to sustain the finding that the rugs were received by the carrier, and the failure to deliver to the consignee is admitted in the pleadings.

Argued December 12, 1924.   Appeal, No. 304, Oct. T., 1924, by defendant, from judgment of Municipal Court of Philadelphia, Oct. T., 1921, No. 971, on verdict for plaintiff, in the case of Hightstown Smyrna Rug Company v. American Railway Express Co.   Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit to recover for loss of goods in the custody of the common carrier.   Before CRANE, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court entered judgment in favor of the plaintiff in the sum of $318.   Defendant appealed.

*Error assigned* was refusal of defendant's motion for judgment non obstante veredicto.

*Rupert C. Schaeffer, Jr.,* and with him *Bromley, Evans, Schnader and Staples,* for appellant.

*Sidney E. Smith,* for appellee.

OPINION BY LINN, J., February 27, 1925 :

Defendant appeals from judgment rendered in a suit to recover for the loss in transit of a shipment of rugs.

Jury trial was waived. Three assignments of error are filed; the third was abandoned at the oral argument because counsel for appellant conceded there was no evidence to sustain it; the second is to the refusal of a new trial, and as no abuse of discretion is suggested, we dismiss it. The remaining complaint is that the court refused judgment for defendant on the whole record. To support that, it is first said that plaintiff produced no evidence that the rugs were delivered to defendant. Plaintiff's treasurer testified they were delivered and that defendant issued its receipt therefor, that the receipt had been sent by plaintiff to defendant in response to defendant's request that it be so sent, and that notwithstanding plaintiff's request for its return, defendant had not returned it. There was evidence that defendant traced the shipment and found part of it in San Francisco, though it was to have been carried from Hightstown, N. J., to Syracuse, N. Y. There is sufficient evidence to sustain the finding that defendant had received the shipment.

The other complaint is that there is no evidence that the rugs were not delivered to the consignee. But as we understand the record on this phase of the case, it was undisputed, and conceded at the trial that the shipment was not delivered to the consignee; while plaintiff's counsel, with a witness on the stand, was apparently offering proof on that subject, counsel for defendant interrupted to say: "That is all settled in our affidavit," and the court stated: "You [plaintiff's counsel] don't have to go into that." The concession took it out of the field of dispute.

Judgment affirmed.